UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00494

**Kevin James Kohute,**
*Plaintiff,*

v.

**City of Dallas S.W.A.T. Headquarters,**
*Defendant.*

**ORDER**

Plaintiff Kevin James Kohute filed this action alleging a breach of contract claim pursuant to 42 U.S.C. § 1983. Doc. 1. The case is referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636(b).

On January 13, 2025, the magistrate judge issued a report recommending that plaintiff's § 1983 claim be dismissed with prejudice for failure to state a claim and that plaintiff be warned against the continued practice of filing frivolous lawsuits. Doc. 4. Plaintiff's agent received the report on January 17, 2025. Doc. 5. He has not filed written objections.

Plaintiff's complaint requests that the court "file a new case number for breach of contract." Doc. 1 at 4. Even if the court were to construe plaintiff's claim as a common-law breach of contract claim (and not a § 1983 claim), this court would not have subject matter jurisdiction. The parties are lacking complete diversity, and the amount in controversy is not more than $75,000. This alone warrants dismissal without prejudice. But plaintiff specifies that he intends to invoke federal question jurisdiction, citing § 1983 as his basis for doing so. Doc. 1 at 3. The court agrees with the magistrate judge that dismissal with prejudice for failure to state a claim is thus appropriate in this case.

When a party fails to object to a magistrate judge's report, the court reviews the record only for clear error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996).

Having reviewed the magistrate judge's report, and being satisfied that it contains no clear error, the court accepts its findings and recommendation. Plaintiff's action is dismissed with prejudice for failure to state a claim. Any pending motions are denied as moot.

Consistent with the court's sanction previously imposed, *see Kohute v. Nat'l Rifle Ass'n*, No. 6:24-cv-00475, Doc. 6 (E.D. Tex. Jan. 29, 2025), the clerk shall not accept any new lawsuits from Kevin Kohute unless such lawsuit is filed by an attorney licensed to practice in the U.S. District Court for the Eastern District of Texas and the full filing fee is paid at the outset of the case.

Kohute is further cautioned that, should he continue to file frivolous documents in violation of his sanctions, the court will impose additional sanctions against him, including potential monetary sanctions. *See Jackson v. Carpenter*, 921 F.2d 68, 69 (5th Cir. 1991) (cautioning a pro se litigant that the continued abuse of the legal system "will trigger increasingly severe sanctions, including the ultimate denial of access to the judicial system absent specific prior court approval").

*So ordered by the court on March 6, 2025.*

J. CAMPBELL BARKER
United States District Judge